United States District Court
For the Middle District of Tennessee
Nashville Division

```
ANTHONY RAY TURNER,              )
                                 )
     Plaintiff,                  )
                                 )    Case No. 03:12-cv-00915
          v.                     )    Judge Trauger/Bryant
                                 )    Jury Demand
DAN WEIKAL, et al.,              )
                                 )
     Defendants.                 )
```

TO: The Honorable Judge Aleta A. Trauger

**Report and Recommendation**

Defendants Dan Weikal, K. Cox, Granvisse Earl-Young, Pam Hale, Sylvia Gray, Henry Lehman, Joshua Bone, Clarence Crawley, Thomas, Jonathan Craft, Byron Grizzle, Lynn Norris, Tony M. Wilkes, and Joshua Stagg, collectively the Davidson County Sheriff's Office Defendants ("DCSO Defendants"), filed a motion and supporting memorandum on December 3, 2012 to dismiss Plaintiff's claims against them for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket Entry Nos. 44, 45). Plaintiff filed a motion and supporting memorandum in opposition to the DCSO Defendants' motion to dismiss on February 4, 2013. (Docket Entry Nos. 75, 76).

For the reasons stated below, the undersigned Magistrate Judge recommends that DCSO Defendants' motion to dismiss be granted in part and denied in part.

## I. Statement of the Case

Plaintiff Ray Turner, a prisoner proceeding <u>pro</u> <u>se</u> and <u>in</u> <u>forma</u> <u>pauperis</u>, filed a complaint on September 6, 2012. (Docket Entry No. 1). Plaintiff alleged he was in the custody of the Davidson County Sherriff's Department during the duration of the alleged facts. He is also a practicing Muslim.

Plaintiff's factual allegations contain four primary categories of incidents. First, Plaintiff alleges that he was not permitted to pray in the manner his faith dictates on at least three occasions, nor could he gather with other Muslims during the month of Ramadan. Second, Plaintiff alleges that he was not provided the correct religious diet at times during his detention. On one occasion, Plaintiff alleges he did not eat for a period of twenty-four hours because he was not permitted by his faith to eat the food served by the correction officers and food providers. Third, Plaintiff alleges religious materials were removed from his room during two separate occasions. His hardback Qur'an was removed on one occasion, and four prayers written on two pieces of paper were removed on another. Fourth, Plaintiff alleges he was retaliated against by corrections officers due to his Muslim faith and grievances filed by the Plaintiff against them.

Additionally, several miscellaneous causes of action are alleged: racial discrimination resulting from special treatment of Caucasian inmates; violations of his Eighth Amendment right to be free from cruel and unusual punishment resulting from overcrowding; inadequacy of the law library resulting from denial of requests for legal research materials and books, pages, and materials missing from the library; and, abuse of the prisoner grievance system resulting from improper dealings with some of Plaintiff's grievances, others that were filed became missing, and one instance of an improper delay in receiving a response to a grievance.

Plaintiff brings each claim against various DCSO Defendants. The District Court granted Plaintiff's request to proceed in forma pauperis and undertook a frivolity review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. (Docket Entry No. 6). The Court found that Plaintiff made nonfrivolous claims concerning his First Amendment right to free exercise of religion and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). (Docket Entry No. 6). DCSO Defendants have now filed this motion to dismiss on the following grounds: qualified immunity; failure to state a claim concerning violations of Plaintiff's First Amendment rights and RLUIPA; failure to allege facts against particular defendants sufficient to state a claim; and, failure to serve process under Federal

3

Rules of Civil Procedure 12(b)(4), (5). (Docket Entry Nos. 44, 45).

## II. Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 278 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. Id. Although Federal Rule of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible, not merely possible. Bell Atlantic Corp. v. Twombley, 550 U.S. 644, 556 (2007). He must plead well enough so that his complaint is more than "a formalistic recitation of the elements of a cause of action." Id. at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).

While a pro se complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" Dixie v. Ohio, 2008 WL 2185487, at *1 (N.D. Ohio, May 23, 2008) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)).

The court must determine in ruling on a motion to dismiss only whether "the claimant is entitled to offer evidence to support the claims," not whether a plaintiff can ultimately prove the facts alleged. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rodes, 416 U.S. 232, 236 (1974)). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Scheuer, 416 U.S. at 236. "Rather, challenges to the

5

merits of a plaintiff's claim should be "dealt with through summary judgments under Rule 56." Swierkiewicz, 534 U.S. at 514.

## III. Analysis

### a. Qualified Immunity Defense

DCSO defendants have raised the defense of qualified immunity. The Supreme Court recently reiterated, "Qualified immunity shields government officials from civil damages liability unless [1] the official violated a statutory or constitutional right that [2] was clearly established at the time of the challenged conduct." Reichle v. Howards, 132 S.Ct. 2088, 2093 (2012) (citation omitted). Without deciding whether the right exists at all, a determination that the right was not "clearly established" is sufficient to find the existence of qualified immunity. Id. (citing Pearson v. Callahan, 555 U.S. 223, 236 (2009)). Further, "[t]o be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right. In other words, existing precedent must have placed the statutory or constitutional question beyond debate." Id. (quotations and citations omitted).

However, the issue at hand is whether consideration of qualified immunity is premature. See Grose v. Caruso, 284 F.

6

Appx. 279, 283 (6th Cir. 2008). Generally, qualified immunity is the basis for a summary judgment motion pursuant to Federal Rule of Civil Procedure 56, not a dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Id. at 283 (citing Saucier v. Katz, 533 U.S. 194 (2001), West v. Atkins, 487 U.S. 42 (1988), Perez v. Oakland County, 466 F.3d 416 (6th Cir. 2006), and Adams v. Metiva, 31 F.3d 375, 387 (6th Cir. 1994)). The rationale for the existence of qualified immunity is "[t]o avoid imposing needless discovery costs upon government officials," so determining whether the immunity applies "must be made at an early stage in the litigation." Vaughn v. U.S. Small Bus. Admin., 65 F.3d 1322, 1326 (6th Cir. 1995) (citing Harlow v. Fitzgerald, 457 U.S. 800, 816-818 (1982) and Mitchell v. Forsyth, 472 U.S. 511, 526 (1987)). At the same time, the determination of qualified immunity "is usually dependent on the facts of the case, and, at the pleadings stage of a litigation, there is scant factual record available to the court." Oshop v. Tenn. Dept. of Children's Services, No. 3:09-cv-0063, 2009 WL 1651479(M.D. Tenn. June 10, 2009) (quoting Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001); Hammett v. Okla. Dept. of Mental Health and Substance Abuse Serv., 153 F.3d 727, 727 (10th Cir. 1998)). Since plaintiffs are not required to anticipate a qualified immunity defense in their pleadings, Vaughn, 35 F.3d at 1326; Oshop, 2009 WL 1651479, at

7

*7, and since at this stage of the litigation the exact contours of the right at issue—and thus the degree to which it is clearly established—are unclear, Grose, 248 F. Appx. at 283; Oshop, 2009 WL 1651479, at *7, the Sixth Circuit advises that qualified immunity should usually be determined pursuant to a summary judgment motion rather than a motion to dismiss. See Oshop, 2009 WL 1651479, at *7 ("Indeed, consideration of a qualified immunity defense is much more appropriate once the plaintiff has had the chance to supplement his allegations with more detailed facts ascertained through discovery" (quotations omitted)); McCombs v. Granville Exempted Village School Dist., No. 2:07-cv-00495, 2009 WL 467066, at *7 (Feb. 24, 2009 S.D. Ohio) (holding that on a motion to dismiss "[i]t would be premature to grant dismissal based on qualified immunity" where the factual allegations of a plaintiff's complaint, though scarce, sufficiently alleged a violation of a constitutional right (citations omitted)).

Considering the factual allegations that Plaintiff has set forth, the undersigned finds it premature for DCSO Defendants to be granted qualified immunity. Therefore, concerning the affirmative defense of qualified immunity, the undersigned Magistrate Judge would recommend denial of the DCSO Defendants' motion to dismiss, without prejudice to the affirmative defense being raised again at a later time.

### b. Failure to State a Claim with Respect to Violations of Plaintiff's First Amendment Rights and RLUIPA

DCSO Defendants argue that Plaintiff's allegations are insufficient to state a claim for violations of Plaintiff's constitutional religious freedoms under § 1983 and statutory rights under RLUIPA. As noted above, Plaintiff's claim was screened in accordance with 28 U.S.C. § 1915A by the District Court after it granted Plaintiff's motion to proceed in forma pauperis. (Docket Entry No. 6, at 3). Section 1915A(b) of United States Code Title 28 states, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." The standard used to determine whether a claim is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is the same standard used to evaluate a claim under 28 U.S.C. § 1915A(b)(1). Hill v. Lappin, 630 F.3d 468, 470-471 (6th Cir. 2010). Judge Trauger explicitly found, "[T]he plaintiff's Section 1983 and RLUIPA claims . . . survive [the 28 U.S.C. § 1915A] required screening of pro se, in forma pauperis prisoner complaints." (Docket Entry No. 6, at 3). While the DCSO Defendants argue that Plaintiff's claims are defeated by the documents which he attached to his complaint, relying in

particular on the unsworn responses to Plaintiff's grievances as proof that their actions were justified by the facts and concerns cited therein, such argument is plainly misplaced at the pleading stage (even if supported by competent proof), where the allegations supporting Plaintiff's § 1983 claim are presumed true en route to a determination of whether he is entitled to offer proof in support of his claims.  In short, it would be premature on this motion to determine as a matter of law whether defendants' actions substantially burdened the exercise of Plaintiff's religion in light of the justification for those actions referenced in Defendants' memorandum; any such determination should be made upon the proofs at summary judgment.

However, the scope of RLUIPA is limited by that statute.  42 U.S.C. § 2000cc-1(b).  RLUIPA was enacted by Congress under Spending Clause and Commerce Clause authority. Sossamon v. Texas, 131 S. Ct. 1651, 1656 (2011).  Therefore, the statute only applies when:  "(1) [A] substantial burden is imposed in a program or activity that receives Federal financial assistance; or (2) [a] substantial burden affects, or removal of that substantial burden would affect, commerce with foreign nations, among the several States, or with Indian tribes."  42 U.S.C. § 2000cc-1(b).

Defendants argue that there is no violation of RLUIPA plausibly alleged in the complaint since that statute does not allow a private right of action against government officials in their individual capacities. While the Sixth Circuit has not ruled on this issue, the district courts within the circuit, as well as the federal appellate courts that have addressed the issue, are largely in agreement that RLUIPA does not authorize a claim for damages against a government employee in his or her individual capacity. See Green v. Tudor, 685 F.Supp.2d 678, 698-699 (W.D. Mich. 2010) (citing cases); see Aladimi v. Hamilton Cnty. Justice Ctr., No. 1:09-cv-398, 2012 WL 292587, at *17-18 (S.D. Ohio Feb. 1, 2012). While there is potentially an RLUIPA claim for damages against defendants in their official capacities, since they are county employees and not employees of the state immune under the Eleventh Amendment, see Sossamon, 131 S. Ct. at 1660, and the complaint generally avers that all defendants are sued in both their individual and official capacities (Docket Entry No. 1 at 6, ¶ 20), the undersigned takes guidance from the decision in Aladimi, where the court found that such a "theoretical[]" claim could not survive a motion to dismiss where the complaint contained minimal allegations referring to county policy or action in violation of his rights under RLUIPA, and such allegations that were to be found were vague and general. Id. at *17-18. As in Aladimi,

the complaint under review in the case at bar appears to contain only two allegations pertaining to county policy or custom, at paragraphs 129 and 130, where it is alleged that the Davidson County Sheriff's Department does not provide Qur'ans to its Muslim inmates nor does it allow them to gather for a regular Friday Jum'ah service, while the Sheriff's Department does provide Bibles, church services, and programs to the Christian inmates. (Docket Entry No. 1 at 20, ¶¶ 129, 130). However, paragraph 130 cites to the provisions of the inmate handbook which are appended to Plaintiff's complaint, and which explicitly disclaim the Davidson County Sheriff's Office's ability to buy religious texts or provide religious services, noting that all such items are dependent upon the donations of volunteers. (Docket Entry No. 1-1 at 99-100). Accordingly, the undersigned must conclude that the allegations implicating county policy are insufficient to state a plausible claim for damages against the county government under RLUIPA.

To conclude, although the District Court found upon initial screen that Plaintiff's allegations implicated RLUIPA, Plaintiff has failed to allege in his complaint or any amendment thereto that his claim indeed fits within the scope of the RLUIPA statute. Thus, the undersigned Magistrate Judge finds that DCSO Defendants' motion to dismiss should be granted with

respect to any claim under RLUIPA, but denied with respect to Plaintiff's § 1983 claim.

### c. Failure to Allege Facts Against Particular Defendants Sufficient to State a Claim

Since no RLUIPA claim can proceed against these defendants, the only claim left for consideration before the undersigned is Plaintiff's First Amendment claim under § 1983. Concerning Defendants Dan Weikal, Granvisse Earl Young, Henry Lehman, Lynn Norris, Tony Wilkes, and Pam Hale, DCSO Defendants argue that Plaintiff either does not allege any specific facts against them, or that Plaintiff alleges only minimal facts based on administrative or supervisory actions. Each of these Defendants has some kind of supervisory, administrative, or executive role within the Davidson County Sheriff's Office; none of them are Correctional Officers. From this, it may be inferred that Plaintiff is alleging respondeat superior liability. Respondeat superior is generally not a basis for imposing liability on supervisory or administrative officials under § 1983 for actions taken by their supervised employees allegedly in violation of a right of the plaintiff. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Wingo v. Tenn. Dept. of Corrections, 499 Fed. Appx. 453, 455 (2012) (citing Polk County, 454 U.S. at 325).

However, in very narrow instances supervisory personnel can be liable under § 1983. To hold them liable, "a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, Dunn v. State of Tennessee, 697 F.2d 121, 128 (6th Cir. 1982), or at least acquiesced in the alleged unconstitutional activity of a subordinate. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984)." Wingo, 499 Fed. Appx. at 455. In short, there must be an allegation of "active unconstitutional behavior," Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), such that the plaintiff is at least able to point to some type of "causal connection between the misconduct complained of and the official sued." Dunn, 697 F.2d, at 128. The causal connection can be established by supervisory activity that allows for subordinate conduct that is "obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences, or [for] such a widespread pattern of constitutional violations" that the supervisor's deliberate indifference is demonstrated. Doe ex rel. Doe v. City of Roseville, 296 F.3d 431, 440-441 (6th Cir. 2002) (quoting Braddy v. Florida Dept. of Labor & Emp. Sec., 133 F.3d 797, 802 (11th Cir. 1998) and Doe v. Claiborne County, Tenn., 103 F.3d 495, 513 (6th Cir. 1996).

Defendants Dan Weikal, Granvisse Earl Young, Lynn Norris, and Tony Wilkes are not even named in the factual allegations portion of Plaintiff's complaint. It is not alleged that they were personally involved or that they even acquiesced in alleged violations of Plaintiff's rights. The undersigned finds that these defendants are entitled to dismissal from the case.

Factually, Defendant Henry Lehman and Pam Hale were not alleged to participate in any violation of Plaintiff's rights. These two were only mentioned in passing. Plaintiff only alleged that he had previously filed a grievance against Henry Lehman, but Plaintiff did not allege the grievance or any response thereto to be a basis for this action, nor did he allege the facts underlying this grievance. (Docket Entry No. 1, at 68-71). The only mention of Pam Hale was that she responded to one of Plaintiff's grievances; she told him that the agreement that he could pray by his bunk would not change. (Docket Entry No. 1 at 7, ¶ 29). These mentions alone do not allege any kind of personal involvement on the part of either Defendant Lehman or Defendant Hale in any violation of Plaintiff's rights. The undersigned also finds both are entitled to dismissal from this case.

Defendant Byron Grizzle was mentioned in a paragraph that alleged that Plaintiff was treated differently because of

15

his race. (Docket Entry No. 1 at 15, ¶¶ 98-99). Specifically, Plaintiff states that Defendant Grizzle filled requests for copies of grievances for a white inmate without charge. However, Defendant Grizzle allegedly denied Plaintiff's request for a copy of his grievance records.[1] This allegation is sufficient to state a claim against Defendant Grizzle under § 1983. Defendant Grizzle is not entitled to dismissal from the case at this time.

Likewise, Defendants Craft, Stagg, Bone, and Crawley are all alleged to have taken specific actions against Defendant in violation of Plaintiff's constitutional rights. Defendant Craft was alleged to have "written [Plaintiff] up" for praying. (Docket Entry No. 1 at 11-13, ¶¶ 67-71, 84). Defendant Stagg was alleged to have taken a Qur'an from Plaintiff's bus tub while Plaintiff was out of his cell. (Docket Entry No. 1 at 12, ¶¶ 72-73). Plaintiff spoke with Defendant Bone after the Qur'an was taken from his cell, and Defendant Bone refused to permit Plaintiff to have it back. (Docket Entry No. 1 at 12-13, ¶¶ 74-83). Finally, Defendant Crawly took four prayers from Plaintiff's cell during a cell search and threw them away. (Docket Entry No.1, ¶¶22, 23, 62-66). Allegedly, Defendant Crawley refused to talk to Plaintiff before he threw away the

---

[1] Presumably Plaintiff is a nonwhite individual.

prayers, and Plaintiff could not recover them before they were discarded. (Id.). Each of these instances allege facts sufficient to show plausibly that Plaintiff could submit evidence to prove a deprivation of Plaintiff's First Amendment rights which would entitle him to recover under § 1983. Therefore, these defendants cannot be dismissed from the case at this time.

### d. Failure to Serve Process

Finally, Defendants argue that Defendants K. Cox, S. Gray, and Thomas were not served with a summons for this suit because their summons were returned unexecuted (Docket Entry Nos. 21, 22, 23), so, pursuant to Federal Rule of Civil Procedure 12(b)(4), (5), the case against them should be dismissed. The undersigned finds that Plaintiff was given time allotted by the Federal Rules to serve these Defendants, and he did not do so within 120 days allotted by Rule 4(m), nor at any time afterward.[2] Therefore, since proper service has not been executed within the time outlined by the Federal Rules of Civil

---

[2] Plaintiff did seek a 90-day extension of time within which to serve process on the remaining unserved Defendants on January 7, 2013. (Docket Entry Nos. 65 and 67). After that 90-day period expired, the motions were terminated as moot on June 7, 2013. (Docket Entry No. 84). Plaintiff failed to serve process on these Defendants within the first 120 days, during the 90 days requested, or thereafter.

17

Procedure, the undersigned finds that actions against Defendants K. Cox, S. Gray, and Thomas should be dismissed.

## IV. Recommendation

For the reasons stated above, the undersigned Magistrate Judge recommends that the motion to DISMISS filed on behalf of the DCSO Defendants be GRANTED in part with respect to:

- Any RLUIPA claim;
- Plaintiff's claims against Defendants Dan Weikal, Granvisse Earl Young, Henry Lehman, Lynn Norris, Tony Wilkes, Pam Hale, K. Cox, S. Gray, and Thomas;

and, DENIED in part with respect to:

- Defendant's affirmative defense of qualified immunity, without prejudice to Defendants raising the defense at a later time;
- Plaintiff's § 1983 claims;
- Plaintiff's claims against Defendants Byron Grizzle, Jonathan Craft, Joshua Stagg, Joshua Bone, and Clarence Crawley.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and

18

Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

       **ENTERED** this 27th day of June, 2013.

       <u>s/ John Bryant</u>
       JOHN S. BRYANT
       UNITED STATES MAGISTRATE JUDGE