IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AUTHOR RAY TURNER ) | |
| ) | |
| ) | Case No. 03:12-cv-00915 |
| v. ) | Judge Trauger/Bryant |
| ) | |
| DAN WELKAL, et al. ) | |
| ) | |

To: The Honorable Aleta A. Trauger, District Judge

REPORT AND RECOMMENDATION

**I. Introduction**

By order entered September 12, 2012 (Docket Entry No. 6), this matter was referred to the undersigned for case management and to recommend ruling on any dispositive motions.

Plaintiff Author Ray Turner, an inmate housed at Northwest Correction Center in Tiptonville, Tennessee (Docket Entry no. 49, p. 1), filed this pro se action in *forma pauperis* under 42 U.S.C. § 1983 on September 6, 2012, against the following defendants: ABL Management, Inc. ("ABL") (incorrectly identified in the Complaint as ABL Food Service), Vernistene Dulin (identified in the Complaint as Mrs. V. Dulin, and Juanez Woods (identified in the Complaint as Mrs. Wood). (Docket Entry No. 48, p. 1) These defendants are collectively referred to as the "ABL Defendants." (Id.) Plaintiff seeks both compensatory and punitive damages from these defendants for "physical and emotional injuries sustained as a result of the plaintiff being denied food for a substantial period of time" and "for physical and emotion injuries from acts of discrimination by serving the plaintiff food he cannot eat per his faith." (Docket Entry No. 1, pp. 25-26) The above listed defendants filed a motion to dismiss on December 7, 2012, for failure to state a claim upon which relief can be granted. (Docket Entry No. 48) Plaintiff responded to this motion on February

4, 2013. (Docket Entry No. 74)

As further explained below, the undersigned recommends that the defendants' motion to dismiss the plaintiff's action for failure to state a claim be GRANTED.

**II. Factual Background**

Plaintiff alleges the following in support of his complaint against the ABL Defendants:

Plaintiff is a practicing Muslim, who follows a halal diet and observes Ramadan. (Docket Entry No. 1, p. 10) His diet prohibits him from eating haram (unlawful food), which includes animals killed improperly, pork, pork by-product, blood and blood by-product. (Docket Entry No. 74, p.12, fn.8) ABL served inmates on a halal diet "processed meats such as fish, hot dogs" on March 8, 2012 (Docket Entry No. 1, p.10), even though the halal dietary restrictions prohibit the plaintiff from eating "process[ed] meat in any form." (Id. at 21) Plaintiff states in his Memorandum of Law in support of Motion in Opposition that he was served processed meat for two weeks. (Docket Entry No. 74, p. 12) Plaintiff claims that while Vernistene Dulin was employed as the ABL food service supervisor, she was aware of the halal diet requirements and served Muslim inmates processed meats in spite of her knowledge that it was against their religious beliefs. (Docket Entry No. 1, p. 21) Plaintiff also stated that he filed a grievance against ABL during his incarceration citing its failure to provide normal religious diet portions, properly wrapped trays and "serving under cook[ed] rice." (Id.)

Plaintiff further alleges that during the month of Ramadan, specifically on July 20, 2012, he went to the cafeteria only to discover that he would not be fed "because either ABL had not made [him] a tray or one of the D.C.S.O Deputy had [given] away [his] tray." (Id. at 17) Due to missing his evening meal, the plaintiff went twenty-four hours without eating. (Id. at 18)

### III. Conclusions of Law

A. Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. Id. Although Federal Rule of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible, not merely possible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formalistic recitation of the elements of a cause of action." Id. at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original).

While a pro se complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate

3

advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" Dixie v. Ohio, 2008 WL 2185487, at *1 (N.D. Ohio, May 23, 2008) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)).

The court must determine in ruling on a motion to dismiss only whether "the claimant is entitled to offer evidence to support the claims," not whether a plaintiff can ultimately prove the facts alleged. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rodes, 416 U.S. 232, 236 (1974)). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Scheuer, 416 U.S. at 236. Rather, challenges to the merits of a plaintiff's claim should be "dealt with through summary judgment under Rule 56." Swierkiewicz, 534 U.S. at 514.

### B. Analysis of the Motion

The ABL Defendants seek to dismiss plaintiff's complaint against them, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failing to state a claim upon which relief can be granted. (Docket Entry No. 48) Defendants specifically assert that (1) the allegations fail to demonstrate that the plaintiff has "suffered deprivation serious enough to 'result in the denial of the minimal civilized measure of life's necessities'"; (2) plaintiff has failed to present facts indicating the defendants had acted with "deliberate indifference" to his health or safety; (3) an RLUIPA claim cannot be substantiated because the plaintiff's "right to practice his religion was not substantially burdened"; (4) the § 1983 claim cannot be valid against the defendants on the basis of vicarious liability; and (5) no claim is presented in the complaint against Defendant Woods and Defendant Dulin individually. (Id.) For the following reasons the undersigned finds that plaintiff failed to state a claim against defendants upon which relief can be granted.

4

*a. Defendants did not violate plaintiff's Eighth Amendment rights*

The first prong of an Eighth Amendment conditions of confinement claim provides that only deprivations that deny "the minimal civilized measure of life's necessities" constitute deprivations substantial enough to support a finding that the Eighth Amendment has been violated. Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991). Life's necessities in this context include "adequate food, clothing, shelter, medical care, and reasonable safety." Barker v. Goodrich, 649 F.3d 428, 434 (6th Cir. 2011). Adequate food is understood as providing inmates with "well-balanced meals, containing sufficient nutritional value to preserve health." Drennon v. A.B.L., 2006 WL 3448686 (M.D. Tenn Nov. 27, 2006), at *2. Plaintiff alleges that he was not provided dinner on July 20, 2012, and because he missed that meal he went twenty-four hours without eating. (Docket Entry No. 1, p. 18) However, plaintiff makes no allegation that by missing one meal, his health suffered. As defendants note, plaintiff did not seek medical attention nor did he cite any particular physical or emotional consequences of the twenty-four hours he went without food with the exception of a general claim for relief based on "physical and emotional injuries." (Docket Entry No. 1, p. 26) Nor did the plaintiff allege he was provided inadequate meals during the two weeks he was served processed meats. Nowhere in his complaint is there any allegation that he was malnourished during that period of time.

The plaintiff's complaint regarding the portion size of religious meals, wrapping of food items, and undercooked rice fails to rise to the level of deprivation substantial enough to establish a claim under the Eighth Amendment as the defendants correctly argue "state officials are only required to provide prisoners 'adequate food'." (Docket Entry No. 49, p. 7 (quoting Farmer v. Brennan, 511 U.S.825, 832 (1994)). Further, "the Constitution does not mandate

5

comfortable prisons." Cloyd v. Dulin, 2012 WL 5995234 at *4 (M.D. Tenn. Nov. 30, 2012) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). There are no allegations in the complaint that the plaintiff suffered physical or emotional damage due to the food preparation.

The Sixth Circuit in Alexander v. Carrick, 31 Fed. Appx. 176 (6th Cir. Mar. 19, 2002), stated that "if the prisoner's diet, as modified, is sufficient to sustain the prisoner in good health, no constitutional right has been violated." Id. at 179. Here, much like in Alexander, the plaintiff alleges no facts to indicate that he was malnourished due to missing his evening meal on July 20, 2012, nor that his refusal to eat the processed meats he was served starting on March 8, 2012 resulted in a deterioration of his health. Id.

To successfully bring an Eighth Amendment claim the plaintiff also has to establish the second prong of the conditions of confinement claim, which requires the prison official to have demonstrated a "deliberate indifference to a substantial risk of serious harm" to the plaintiff. Farmer, 511 U.S. at 828. Deliberate indifference can be equated with the "subjective recklessness standard" criminal courts apply. Id. at 839-40. Pursuant to this standard, inadvertent failure to provide adequate care or negligence in providing care are not enough to establish a violation of an inmate's Eighth Amendment right. Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991). The plaintiff's complaint states that "upon arrival at the chow hall to eat I learn that I would not be feed because either ABL had not made me a tray or one of the D.C.S.O Deputy had gave away my tray." (Docket Entry No. 1, p. 17 ¶ 115) Because the plaintiff plead no facts to support a finding that ABL Management, Vernistene Dulin, or Juanez Woods had culpable states of mind at the time the plaintiff was left without a tray, he has not pled sufficient facts to support a finding that they acted with deliberate indifference to plaintiff's health.

6

Plaintiff does allege that defendant Dulin was aware of his dietary restrictions (Docket Entry No. 1, p. 21), however there is no allegation that defendants ABL or Woods even possessed knowledge of his choice to follow a halal diet. Additionally, it is not enough to allege defendant Dulin's awareness without indicating that she served the plaintiff the non-halal meat knowing that a substantial risk to his health would result.

Plaintiff's complaint regarding the portion size of the religious diets, packaging of his food, and the undercooked rice also fails to establish deliberate indifference on the part of the ABL Defendants. He alleges no facts to indicate those actions were reckless in nature. Additionally, plaintiff only states that Vernistene Dulin had knowledge of his religious diet requirements, without providing facts to substantiate a claim that Dulin acted with deliberate indifference to the plaintiff's health.(Docket Entry No. 1, p. 21) No allegation was made that Juanez Woods was involved in the preparation of the plaintiff's food.

The plaintiff's Eighth Amendment claim should be dismissed because he failed to allege sufficient facts to meet either of the two required prongs of the conditions of confinement claim. Additionally, the plaintiff's claim against ABL must also be dismissed because no allegations specifically involve the company, and vicarious liability cannot be used under § 1983 for employee acts. Street v. Corr. Corp. of Am., 102 F.3d 810, 818 (6th Cir. 1996) (citing Harvey v. Harvey, 949 F.2d 1127, 1129-30 (11th Cir. 1992)).

*b. Defendants did not violate plaintiff's rights under RLUIPA*

Pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), "no government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution" unless that burden is the least restrictive means of furthering a

compelling governmental interest. 42 U.S.C. § 2000cc-1(a). The Sixth Circuit has classified action as a substantial burden "when that action forced an individual to choose between 'following the precepts of her religion and forfeiting benefits' or when the action in question placed 'substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" Maynard v. Hale, 2012 WL 3401095 (M.D. Tenn. Aug. 14, 2012) (quoting Living Water Church of God v. Charter Twp. of Meridian, 258 Fed. App'x 729, 734 (6th Cir. 2007)). Given the substantial burden standard "inconvenience on religious exercise" alone will not violate RLUIPA. Id. (quoting Reischaurer v. Jones, 2007 WL 232625, at *7 (W.D. Mich. Jan. 29, 2009)). Plaintiff alleges no facts to indicate he was forced to choose to act contrary to his religious abstention from halal meat as a result of the meal he missed on July 20, 2012, or following the two week period during which he alleges he was fed processed meats. No allegation is made to suggest plaintiff ate the processed meat. Although plaintiff's allegations plausibly indicate he was inconvenienced by missing his evening meal on July 20, 2012 and by the provision of non-halal processed meats with his meals, plaintiff alleges no facts to state a claim under RLUIPA.

In Maynard, a Muslim inmate alleged that he missed four pre-dawn meals as well as two evening meals during the observance of Ramadan, which he claimed interfered with his right to practice his chosen religion. 2012 WL 3401095 at *1. His claim against one of the defendants was dismissed because "missing one pre-dawn meal did not affect plaintiff's good health or his ability to practice his religion." Id. at *4. Further the court stated that "a short-term and sporadic disruption of his Ramadan eating habits, does not . . . allege a substantial burden on his religious freedom." Id. Although Maynard differs factually from this litigation because the plaintiff there

8

alleged he had access to commissary items, the motion to dismiss should still be granted as plaintiff alleges no impairment to his health, nor does he allege that the service of processed meat was anything more than "short-term." Id. at *1.

## IV. Recommendation

In light of the foregoing, the Magistrate Judge recommends that the ABL Defendants' motion to dismiss be GRANTED, and that the claims against them be DISMISSED.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute wavier of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

ENTERED this 16th day of July, 2013.

s/ John S. Bryant  
JOHN S. BRYANT  
UNITED STATES MAGISTRATE JUDGE
