IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| AUTHOR RAY TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:12-0915 |
| | ) | Judge Trauger |
| v. | ) | Magistrate Judge Bryant |
| | ) | |
| DAN WELKAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM and ORDER**

On July 27, 2013, the Magistrate Judge issued a Report and Recommendation (Docket No. 87), to which the Davidson County Sheriff's Office Defendants ("DCSO Defendants") filed Objections (Docket No. 94), to which the Plaintiff responded (Docket No. 95). The Report and Recommendation made recommendations with reference to a dispositive motion, a Motion to Dismiss filed by the DCSO Defendants. Therefore, pursuant to Rule 72(b), FED. R. CIV. P., and 28 U.S.C. § 636(b)(1)(C), this court must review *de novo* any portion of the Report and Recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Circ. 1993).

It is clear from the Report and Recommendation that the Magistrate Judge did not consider the voluminous exhibits attached to the *pro se* Plaintiff's Complaint in ruling on the Motion to Dismiss, and it is to this failure on the part of the Magistrate Judge that the DCSO Defendants strenuously object. This objection, which is supported by Sixth Circuit authority, is

1

**SUSTAINED**.[1] In *Rondigo, LLC v. Township of Richmond*, 641 F.3d 673 (6th Cir. 2011), cited by the DCSO Defendants, the court reversed the district court's denial of the state defendants' motion to dismiss an action based upon qualified immunity. The grounds for the reversal were that the exhibits attached by the plaintiff to its complaint showed that the defendants were entitled to qualified immunity and that the defendants were entitled to rely upon those exhibits to substantiate their motion to dismiss. Specifically, the court held that the district court should have considered the exhibits attached to the complaint and that such consideration did not mandate converting the motion to dismiss to a motion for summary judgment, "so long as [the exhibits] are referred to in the complaint and are central to the claims contained therein." *Rondigo*, 641 F.3d at 681.

This is not a new proposition advanced by the Sixth Circuit. *Rondigo* relied upon *Bassett v. Nat'l Collegiate Athletic Assn.*, 528 F.3d 426 (6th Cir. 2008), which relied upon *Amini v. Oberlin Coll.,* 259 F.3d 493 (6th Cir. 2001). In *Amini*, the court held that it was error for the district court, in ruling on a Rule 12(b)(6) motion to dismiss, not to consider exhibits attached to the complaint and referenced therein. *Amini*, 259 F.3d at 502. The DCSO Defendants relied upon the exhibits attached to the Complaint in this case, in arguing their Motion to Dismiss, and cited to the *Rondigo* decision in support of those arguments. (Docket No. 45 at 2)

Because it was error for the Magistrate Judge not to consider the exhibits attached to the Complaint in ruling on the DCSO Defendants' Motion to Dismiss, it is hereby **ORDERED** that

---

[1] It should also be noted that the DCSO Defendants take issue with the Magistrate Judge's conclusion that the qualified immunity defense should be rejected at this early stage of the case, in that the plaintiff has not had the opportunity for discovery. These Defendants assert that the Plaintiff has engaged in discovery and that they have responded to interrogatories, requests for production of documents and requests for admission. (Docket No. 94 at 2)

this matter is returned to the Magistrate Judge for a ruling on the Motion to Dismiss that takes into account the arguments of these defendants based upon the exhibits attached to the Complaint.

It is so **ORDERED**.

ENTER this 22nd day of July 2013.

_____
ALETA A. TRAUGER
U.S. District Judge