IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AUTHOR RAY TURNER ) | |
| ) | |
| v. ) | No. 3:12-0915 |
| ) | Judge Trauger/Bryant |
| DAN WEIKAL, ET AL. ) | |

To:   The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

By Memorandum and Order entered July 23, 2013 (Docket Entry No. 99), the Court referred this case back to the undersigned after sustaining the objection of the Davidson County Sheriff's Office ("DCSO") defendants to the undersigned's prior Report and Recommendation ("R&R") (Docket Entry No. 87) for disposition of their motion to dismiss (Docket Entry No. 44).  The Court found that "[i]t is clear from the Report and Recommendation that the Magistrate Judge did not consider the voluminous exhibits attached to the *pro se* Plaintiff's Complain in ruling on the Motion to Dismiss[;]" that it was error for the Magistrate Judge to fail to consider the complaint's exhibits; and, that the matter would be "returned to the Magistrate Judge for a ruling on the Motion to Dismiss that takes into account the arguments of these defendants based upon the exhibits attached to the Complaint."  (Docket Entry No. 99 at 1-3)

Respectfully, the undersigned would submit that his original R&R considered the arguments of the DCSO defendants based upon the exhibits attached to the complaint for what they are worth.  In that R&R, at pages 9-10, the undersigned noted as follows:

While the DCSO Defendants argue that Plaintiff's claims are defeated by the

> documents which he attached to his complaint, relying in particular on the unsworn responses to Plaintiff's grievances as proof that their actions were justified by the facts and concerns cited therein, such argument is plainly misplaced at the pleading stage (even if supported by competent proof), where the allegations supporting Plaintiff's § 1983 claim are presumed true en route to a determination of whether he is entitled to offer proof in support of his claims. In short, it would be premature on this motion to determine as a matter of law whether defendants' actions substantially burdened the exercise of Plaintiff's religion in light of the justification for those actions referenced in Defendants' memorandum; any such determination should be made upon the proofs at summary judgment.

(Docket Entry No. 87 at 9-10)

As they had done in their memorandum supporting the motion to dismiss, the DCSO defendants in their objections to the undersigned's prior R&R attempt to hold plaintiff to an elevated pleading standard on account of their unsworn responses to his grievances, which they would have the Court presume to be true. They argue that "plaintiff must allege sufficient facts to overcome" their responses to the grievances plaintiff attaches to his complaint (Docket Entry No. 94 at 4) -- not any inconsistent allegations of his own in attached grievances, but the DCSO defendants' responses to those grievances. This is simply not in accordance with the law.

The Sixth Circuit in <u>Rondigo, LLC v. Twp. of Richmond</u>, 641 F.3d 673 (6th Cir. 2011), repeated the longstanding rule that "a court may consider 'exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss as long as they are referred to in the complaint and are central to the claims contained therein,' without converting the motion to one for summary judgment." <u>Id.</u> at 680-81 (quoting <u>Bassett v. Nat'l Collegiate Athletic Assn.</u>, 528 F.3d 426, 430 (6th Cir. 2008)) . However, the <u>Rondigo</u> court reversed the district court (which had

found the plaintiff's pleading sufficient to state a claim) because the exhibits to the complaint in that case "substantiate[d] **undisputed** and facially legitimate reasons for the state defendants' complained-of actions . . ." Id. at 683 (emphasis supplied).  The DCSO defendants' citation of Rondigo (Docket Entry No. 45 at 2) is inapposite here, where the reasons for their actions are in dispute.

The law which applies in this instance, which the undersigned regretfully did not cite in his prior R&R, is that which describes the level of consideration due statements of the defendant contained in exhibits to the plaintiff's complaint when those statements contradict the allegations of the complaint.  For example, in the prisoner grievance context, the district court in Franklin v. Dudley, 2009 WL 3073930 (E.D. Cal. Sept. 22, 2009), found as follows:

> Defendant is mistaken, however, in assuming that plaintiff has conceded the factual representations in the response to the grievance by merely attaching it to his complaint.  The attachment of a document as an exhibit to the complaint does not mean that the plaintiff has adopted as true all statements in the document.  Here, the complaint indicates that the First Level Response letter is attached simply for the purpose of proving the exhaustion of administrative remedies.  There is nothing in the complaint to suggest that plaintiff was adopting as true the defendant's response to the grievance.  Thus, the attachment consists of factual assertions by the defendant, not the plaintiff. . . . Accordingly, defendant's argument reduces to a claim that what plaintiff alleges in his complaint is not true.  Defendant may, at a later stage of the litigation, choose to test the sufficiency of plaintiff's evidence to prove his allegations, as well as the sufficiency of plaintiff's evidence to dispute the defendant's factual claim . . . .  But this instant motion is brought under Rule 12(b)(6) and is not the procedure for disputing the facts alleged in the complaint. . . . Although defendant understandably disputes these allegations, this is not a motion pursuant to Rule 56.

Id. at *3.  Outside of the prison context, the Sixth Circuit has opined on this point of law as

follows in <u>Jones v. City of Cincinnati</u>, 521 F.3d 555 (6th Cir. 2008):

> As support for their version of the facts, defendants cite a series of exhibits attached to the complaint. . . . Unsurprisingly, statements by the officers [in those exhibits] contain facts which, if true, cast doubt on the allegations in the complaint.
>
> Defendants argue that because a "copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes," all the facts stated in the exhibits to the complaint must be assumed to be true for purposes of the motion to dismiss. Even if we assume that a transcript of an interview constitutes a "written instrument," treating a transcript as part of a pleading does not mean that we assume everything the officers said in those interviews is true. Where a plaintiff attaches to the complaint a document containing unilateral statements made by a defendant, where a conflict exists between those statements and the plaintiff's allegations in the complaint, and where the attached document does not itself form the basis for the allegations, Rule 10(c) "does not require a plaintiff to adopt every word within the exhibits as true for purposes of pleading simply because the documents were attached to the complaint to support an alleged fact." *See N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 454–56 (7th Cir.1998). Rather, we treat the exhibit as an allegation that the officers made the statements in the transcripts and we treat that allegation as true. Thus, we accept as true that on June 24, 2004 Officer Pike said that no officer put weight on Jones's back during the handcuffing process. Joint Appendix 177. We do not accept as true, however, that Officer Pike's statement is accurate or true; this is a question of credibility and weight of the evidence that is not before a court considering a motion to dismiss.

<u>Id.</u> at 561. <u>See also</u> <u>N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend</u>, 163 F.3d 449 (7th Cir. 1998) (holding that, unless the document attached to the complaint is a contract or other agreement between the parties, "[t]o require district courts to accept unilateral statements in documents written by a defendant as true simply because they were attached as exhibits to a plaintiff's complaint would be contrary to the concept of notice pleading. It would enable parties to hide behind untested, self-serving assertions.").

4

In the case at bar, in the instance where an exhibit to the plaintiff's complaint was self-authenticating -- photocopies of the inmate handbook -- and contrary to an allegation of the complaint as to what Davidson County Sheriff's Department policy was, the undersigned found that dismissal of that claim was warranted. (Docket Entry No. 87 at 12) However, in all other instances where the DCSO defendants cited to the exhibits to plaintiff's complaint, they were offering their own responses to grievances as presenting the truth of the matter of the lawful motivations for their actions -- concerns for safety, security, and maintaining order chief among them -- as opposed to the unlawful motivations which plaintiff alleged in his complaint. While this case may ultimately be dismissed upon the application of the Turner v. Safley[1] factors on summary judgment, the undersigned stands on his prior recommendation that the disposition the DCSO defendants seek is improper at the pleading stage.

For these reasons, the undersigned believes his prior Report and Recommendation to be properly responsive to the arguments of the DCSO defendants based on the exhibits to plaintiff's complaint, and so again recommends as follows:

That the motion to DISMISS filed on behalf of the DCSO Defendants be GRANTED in part with respect to:

• Any RLUIPA claim;

• Plaintiff's claims against Defendants Dan Weikal, Granvisse Earl Young, Henry Lehman, Lynn Norris, Tony Wilkes, Pam Hale, K. Cox, S. Gray, and Thomas;

and, DENIED in part with respect to:

---

[1] 482 U.S. 78, 84-91 (1987).

• Defendant's affirmative defense of qualified immunity, without prejudice to Defendants raising the defense at a later time;

• Plaintiff's § 1983 claims; and

• Plaintiff's claims against Defendants Byron Grizzle, Jonathan Craft, Joshua Stagg, Joshua Bone, and Clarence Crawley.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 30th day of August, 2013.

      s/ John S. Bryant
      JOHN S. BRYANT
      UNITED STATES MAGISTRATE JUDGE