IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **AUTHOR RAY TURNER,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:12-cv-0915 ) |
| **DAN WELKAL et al.,** | ) Judge Trauger ) Magistrate Judge John Bryant |
| Defendants. | ) |

## ORDER

Before the court are the following motions and objections:

(1) the plaintiff's motion to amend his complaint (ECF No. 122), to which the defendants have responded in opposition;

(2) the plaintiff's objections (ECF No. 107) to a Report and Recommendation (ECF No. 96) issued by Magistrate Judge Bryant, recommending that the court grant the motion to dismiss (ECF No. 48) filed by defendants ABL Management, Inc. (incorrectly identified in the complaint as ABL Food Service), Vernistene Dulin (identified in the complaint as Mrs. V. Dulin), and Juanez Woods (identified in the complaint as Mrs. Wood) (collectively, the "ABL Defendants"); and

(3) the objections (ECF No. 121) filed by the Davidson County Sheriff's Office Defendants (the "DCSO Defendants") (including defendants Dan Weikal (incorrectly named in the complaint as Dan "Welkal"), K. Cox, Granvisse Earl-Young, Pam Hale, Sylvia Gray, Henry Lehman, Joshua Bone, Clarence Crawley, G. Thomas, Jonathan Craft, Byron Grizzle, Lynn Norris, Tony M. Wilkes, and Joshua Stagg) and by plaintiff Author Turner (ECF No. 126) to a second Report and Recommendation (ECF No. 115) issued by Magistrate Judge Bryant, recommending that the DCSO Defendants' motion to dismiss (ECF No. 44) be granted in part and denied in part.

For the reasons set forth in the accompanying Memorandum Opinion, the court finds and rules as follows:

(1) The plaintiff's motion to amend his complaint (ECF No. 122) is **GRANTED** insofar as the court construes the proposed amendment to state a claim under the Eighth Amendment against the ABL Defendants and to state a claim under the Eighth Amendment and under state law against defendants Dan

Weikal and Pam Hale, in their individual and official capacities, based on allegations of deliberate indifference to the plaintiff's claim of a severe food allergy in light of his right to adequate nutrition. However, in all other respects, the proposed amendment fails to state a claim for which relief may be granted, and all other putative claims in the proposed amendment are **DISMISSED**.

(2) The plaintiff's objections (ECF No. 107) to the R&R (ECF No. 96) recommending that the ABL Defendants' motion to dismiss be granted, are **OVERRULED**. The ABL Defendants' motion to dismiss (ECF No. 48), construed as a motion for partial dismissal, is **GRANTED**, and all claims against the ABL Defendants except those in the amendment as identified above are **DISMISSED**.

(3) The plaintiff's objections (ECF No. 95 and 126) to both R&Rs (ECF Nos. 87, 115) addressing the DCSO Defendants' motion to dismiss are **OVERRULED**.

The DCSO Defendants' objections (ECF No. 121) to the most recent R&R (ECF No. 115), addressing their motion to dismiss, are **GRANTED IN PART** insofar as the court finds that the complaint fails to state a claim against defendant Byron Grizzle. In all other respects, the DCSO Defendants' objections are **OVERRULED**. The R&R (ECF No. 115) is **ACCEPTED**, except insofar as it recommends denying the motion to dismiss the claim against defendant Byron Grizzle.

Consequently, the DCSO Defendants' motion to dismiss (ECF No.44), also construed as a motion for partial dismissal in light of the plaintiff's amendment to his complaint, is **GRANTED IN PART AND DENIED IN PART**. All RLUIPA and religious-diet-related First-Amendment claims are **DISMISSED**. The claims in the original complaint against defendants K. Cox, G. Thomas, and Sylvia Gray are **DISMISSED WITHOUT PREJUDICE** for failure to effect service upon these defendants. The claims against supervisory officials Granvisse Earl-Young, Henry Lehman, Byron Grizzle, Lynn Norris, and Tony M. Wilkes are **DISMISSED** for failure to state a claim for which relief may be granted. The motion to dismiss the claims in the original complaint against defendants Dan Weikal and Pam Hale is **GRANTED IN PART**, but, as set forth above, the amended complaint is construed to state colorable claims against defendants Weikal and Hale, which remain pending. The motion to dismiss based on qualified immunity asserted by the remaining defendants (Joshua Bone, Clarence Crawley, Jonathan Craft, and Joshua Stagg) is **DENIED** without prejudice, which leaves various § 1983 claims pending against these defendants. (*See* R&R, ECF No. 87, at 16–17.)

This matter remains on referral to Magistrate Judge John Bryant for further case management as necessary.

It is **SO ORDERED**.

Aleta A. Trauger
United States District Judge