UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AUTHOR RAY TURNER, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 3:12-0915 |
| v. ) | Judge Trauger/Bryant |
| ) | **Jury Demand** |
| DAN WELKAL, *et al.*, ) | |
| ) | |
| Defendants ) | |

**TO:  THE HONORABLE ALETA A. TRAUGER
      DISTRICT JUDGE**

### REPORT AND RECOMMENDATION

The Defendants have jointly filed their motion for judgment on the pleadings (Docket Entry No. 196). As grounds, Defendants argue that Plaintiff Turner violated the "three strike rule" contained in 28 U.S.C. § 1915(g) and that Plaintiff therefore should not be permitted to maintain this action without paying the required filing fee. Plaintiff Turner has filed a response in opposition (Docket Entry No. 226).

For the reasons stated below, the undersigned Magistrate Judge finds that Defendants' motion should be granted.

### STATEMENT OF THE CASE

Plaintiff Turner, a prisoner currently proceeding *pro se* and *in forma pauperis*, has filed his civil rights complaint alleging that Defendants are guilty of religious and racial discrimination by refusing to allow Plaintiff to pray at the times and in the manner prescribed by his religion (Muslim) and by failing to serve him a proper Halal diet required by his faith.

Plaintiff also alleges that Defendants have retaliated against him for filing grievances by giving him excessive disciplinary write-ups. Finally, Plaintiff Turner claims that Defendants have failed to provide an adequate law library while he was in custody of the Davidson County Sheriff's office.

**ANALYSIS**

Title 28, § 1915(g), of the United States Code provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injuries.

This provision has come to be called the "three strike rule."

Defendants state that before Plaintiff Turner filed the complaint in this case on September 6, 2012, he had already had more than three prior cases dismissed on grounds that would constitute a "strike" under 28 U.S.C. § 1915(g). Therefore, according to Defendants, Plaintiff Turner should be allowed to maintain this action only after paying the required filing fee.

The five prior cases relied upon by Defendants are the following:

1. *Turner v. Borrower, et al.*, Case No. 3:12-0206 (M.D. Tenn.), filed while "an inmate" and dismissed on March 28, 2012, for failure to state a claim.

2. *Turner v. Borrower, et al.*, Case No. 3:12-0284 (M.D. Tenn.), filed while "an inmate" and also dismissed on March 28, 2012, for failure to state a claim.

3. *Turner v. Cooper, et al.*, Case No. 3:10-1224 (M.D. Tenn.), filed while "an inmate" and dismissed on January 3, 2011, for failure to state a claim.

4. *Turner v. Dotson*, Case No. 3:04-0167 (M.D. Tenn.), filed while "a state prisoner" and dismissed on November 14, 2005, on a motion to dismiss pursuant to Rule 12(b)(6).

5. *Turner v. Raney, et al.*, Case No. 1:01-cv-1343-JDT (W.D. Tenn.), filed while "an inmate" and dismissed on July 8, 2002, based upon a motion to dismiss under Rule 12(b)6).

Upon a review of the records of the foregoing cases, the undersigned has determined that the *Turner v. Dotson* case involved a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The Sixth Circuit has held that the fee requirements of 28 U.S.C. § 1915(g) do not apply to *habeas corpus* petitions. *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997). However, it does appear from the record that the other four cases listed by Defendants were dismissed on grounds that would implicate the "three strike rule." Accordingly, the undersigned finds that Plaintiff Turner should not be allowed to proceed *in forma pauperis* in this action.

For the reasons stated above, the undersigned Magistrate Judge finds that Defendants' motion for judgment on the pleadings should be granted and that Plaintiff Turner should be required to

3

pay the required filing fee as a condition for prosecuting this action.

### RECOMMENDATION

For the reasons stated above, the undersigned recommends (1) that Defendants' motion for judgment on the pleadings be granted, (2) that the prior order (Docket Entry No. 6) granting Plaintiff leave to proceed *in forma pauperis* be vacated, and (3) that Plaintiff Turner be given a reasonable period within which to pay the required filing fee as a condition for his continued prosecution of this action.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 5th day of April, 2016.

/s/  John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge