# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| AUTHOR RAY TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:12-CV-915 |
| ) | Judge Aleta A. Trauger |
| ) | |
| DAN WELKAL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

On April 20, 2016, the Magistrate Judge issued a Report and Recommendation ("R&R") (Docket No. 233), which recommends that the Motion for Judgment on the Pleadings (Docket No. 196) filed by the defendants be granted, resulting in the prior order granting the plaintiff, Author Ray Turner, leave to proceed *in forma pauperis* being vacated and Turner being given a reasonable period within which to pay the required filing fee as a condition for his continued prosecution of this action. Turner filed a document entitled "Motion to Strike" the R&R, which the court is interpreting as Objections (Docket No. 237), to which the defendants have filed Responses (Docket Nos. 241, 242).

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient and will result in waiver of further review. *See Miller v.*

1

*Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Turner, a prisoner currently proceeding *pro se* and *in forma pauperis*, has filed his civil rights complaint alleging that the defendants are guilty of religious and racial discrimination by refusing to allow Turner to pray at the times and in the manner prescribed by his religion (Islam) and by failing to serve him a proper Halal diet required by his faith. Turner also alleges that the defendants have retaliated against him for filing grievances by giving him excessive disciplinary writeups. Finally, Turner claims that the defendants have failed to provide an adequate law library while he was in custody of the Davidson County Sheriff's Office.

The defendants moved for judgment on the pleadings under the "three strike rule" regarding *in forma pauperis* status codified at 28 U.S.C. § 1915(g). This section provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injuries.

The defendants maintained that, before Turner filed the complaint in this case on September 6, 2012, he had already had more than three prior cases dismissed on grounds that would constitute a "strike" under 28 U.S.C. § 1915(g). Therefore, according to the defendants, Turner should be allowed to maintain this action only after paying the required filing fee. The Magistrate Judge surveyed prior cases brought by Turner and found that he had four cases (*i.e.*, more than three) that qualified as "strikes." Accordingly, the Magistrate Judge concluded that Turner should not be allowed to proceed *in forma pauperis* in this action and should be required to pay the required filing fee as a condition for prosecuting this action.

The Objections are not clear. As an initial matter, the Objections come perilously close to being merely a general objection to the entire R&R. For the first three pages of the Objections, Turner merely states that "Magistrate Judge Bryant has error in his recommendation to remove the plaintiff right to proceed *in forma pauperis* for the following reason and said defendant's motion should be dismiss," and quotes the language of Section 1915, the statute authorizing *in forma pauperis* proceedings in federal courts. This section of Turner's filing contains no substantive response to the R&R. Indeed, it does not even mention the legal discussion contained in the R&R. Even if the court were to view this section of Turner's *pro se* submission as a general objection to the entire R&R, "a general objection to the entirety of the magistrate judge's report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

There are only two subsequent points in Turner's submissions that could, generously, be considered specific Objections. First, Turner appears to argue that the Motion for Judgment on the Pleadings was not timely filed. Rule 12(c) of the Federal Rules of Civil Procedure permits the filing of a motion for judgment on the pleadings. This rule in its entirety states as follows: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Here, the pleadings are closed (all defendants have answered). Furthermore, trial shall not be set for any date before August 18, 2016. (Docket No. 218.) Therefore, the defendants moved for judgment on the pleadings after the pleadings were closed, but early enough not to delay trial in this action. Their filing was, therefore, proper under Rule 12(c). Turner's Objection on this grounds will, therefore, be overruled.

Second, Turner appears to argue that the Motion for Judgment on the Pleadings should be

3

converted to a motion for summary judgment because it presents matters outside of the pleadings – specifically, the dockets of the "three strike" cases. It is true that Rules 12(b) and (c) of the Federal Rules of Civil Procedure provide that if, on a motion to dismiss under Rule 12(b)(6) or a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment and disposed of as provided in Rule 56. *See* Fed. R. Civ. P. 12(b)(6), (c). However, a court may consider matters of which judicial notice may be taken, such as public records, without converting a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings into a motion for summary judgment. *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("[A] court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment."); *United States v. McCargo*, 783 F.2d 507, 509 (5th Cir. 1986) (holding that if the proceedings are of a particular court, that court may take judicial notice); *Phillips v. Bureau of Prisons*, 591 F.2d 966, 969 (D.C. Cir. 1979) (same); 2A CHARLES A. WRIGHT, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL § 441, at 254 (3d ed. 2000) ("If the records are of the court itself, they may be judicially noticed and need not be proved."). The case records upon which the defendants rely in support of their Motion for Judgment on the Pleadings are matters of public record of the U.S. District Court for the Middle District of Tennessee, and so there was no need for the Magistrate Judge to convert the Motion to one for summary judgment.[1] Turner's Objection on this grounds will, therefore, also be

---

[1] The court notes that even if the motion were converted to one for summary judgment, the outcome would be the same because the undisputed factual record shows that Turner accumulated at least three strikes for purposes of Section 1915(g) and therefore may not proceed *in forma pauperis* in this instance.

overruled.

For these reasons,

1. The plaintiff's Objections (Docket No. 237) are **OVERRULED**.

2. The court **ACCEPTS AND ADOPTS** the Report and Recommendation (Docket No. 233).

3. The Motion for Judgment on the Pleadings (Docket No. 196) is **GRANTED**.

4. The prior order (Docket No. 6) granting *in forma pauperis* status is **VACATED**.

5. This matter is returned to the Magistrate Judge to set a reasonable period within which Turner shall be required to pay the filing fee as a condition for his continued prosecution of this action.

**IT IS SO ORDERED**.

Enter this 20th day of May 2016.

_____
ALETA A. TRAUGER
United States District Judge